United States District Court
Southern District of Texas
FILED

JUL 2 3 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SANTIAGO OCHOA III              *
                                *
VS.                             *     CIVIL ACTION NO. **B-03-128**
                                *
NEW HAMPSHIRE INSURANCE and     *
AIG CLAIM SERVICES, INC.        *

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC., Defendants in the above entitled and numbered cause, and file this their Notice of Removal of the present cause from the County Court at Law No. 1 of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the County Court at Law No. 1 of Cameron County, Texas, on June 5, 2003, when Plaintiff's Original Petition was filed in Cause Number 2003-CCL-0562-A.  A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.      Defendants were served with a copy of the Plaintiff's Original Petition through its registered agent, CT Corporation System, on June 24, 2003.  A copy of the Citation served on Defendants indicating date of service is attached hereto and incorporated herein for all purposes.

3.      This is a civil action for injuries and damages allegedly incurred by Plaintiff arising out of an automobile accident on June 24, 1999 involving an underinsured driver.  Plaintiff's vehicle was insured by Defendant New Hampshire and the claim negotiated by Defendant AIG.  Plaintiff alleges causes of action against Defendants for

*NOTICE OF REMOVAL*                                              *PAGE 1*

negligence, violations of the Texas Deceptive Trade Practices Act, unfair claim settlement practices, breach of duty of good faith and fair dealing, breach of contract, fraud, intentional infliction of emotional distress, seeking actual damages, exemplary damages, statutory penalties, and attorney's fees.

4.    Plaintiff alleges in Plaintiff's Original Petition that he is a resident of Los Fresnos, Cameron County, Texas. Plaintiff is therefore a citizen of Texas.

5.    Defendant New Hampshire Insurance is a foreign corporation, incorporated in the State of Pennsylvania, with its principal place of business in New York. Defendant AIG Claim Services, Inc. is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in New York.

6.    For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

7.    Defendant would further show the Court that Plaintiff's Original Petition seeks unspecified damages; however, based on the allegations and damages alleged in Plaintiff's pleadings, Plaintiff is seeking to recover from Defendants damages in excess of $75,000.00.

8.    Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioners to Plaintiff and his counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

9.    This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of Plaintiff's Original Petition on Defendants and within one year of the initial filing of the lawsuit.

10.   Defendants hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioners pray for removal of the above entitled and numbered cause from the County Court at Law No. 1 of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
     Norton A. Colvin, Jr. *by permission*
                           *M Crisolall*
Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
     Marjory C. Batsell
State Bar No. 04631400
Federal Admissions No. 3983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
NEW HAMPSHIRE INSURANCE AND AIG
CLAIM SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

Sean F. O'Neill
Law Offices of Sean F. O'Neill
888 Isom Road, Suite 100
San Antonio, Texas 78216
Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 23rd day of July, 2003.

_____
Norton A. Colvin, Jr. *by permission*
                      *M Crisolall*

# CIVIL DOCKET

CASE NO. 2003-CCL-00562-A

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| SANTIAGO OCHOA, III | (00564401) SEAN F. O'NEILL | (06) | | 06 | 05 | 03 |
| VS | | BREACH OF CONTRACT | | | | |
| NEW HAMPSHIRE INSURANCE AND AIG CLAIM SERVICES, IN | | | JURY FEE $ | | | |
| | | | PAID BY | | | |

**JURY FEE**

| DATE OF ORDERS | COURT'S DOCKETS | PAPERS FILED - (CLERK'S FILE DOCKET) |
|---|---|---|
| | | |

COPY    CAUSE NO.: 2003-CCL-562-A

FILED FOR RECORD
AT ___O'CLOCK ___M
JUN - 5 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

| | | |
|---|---|---|
| SANTIAGO OCHOA, III | § | IN COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. ___1 |
| | § | |
| NEW HAMPSHIRE INSURANCE | § | |
| AND AIG CLAIM SERVICES, INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes SANTIAGO OCHOA, III, Plaintiff, complaining of NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC., Defendants, and would respectfully show the Court the following:

I.

This court has jurisdiction and venue is proper in Cameron County, Texas, in that all or a part of the cause of action arose in this County. Plaintiff affirmatively pleads that he seeks monetary relief not to exceed the jurisdictional limits of this Court, excluding costs and pre-judgment interest, and invokes level II discovery.

II.

Plaintiff resides in Los Fresnos, Cameron County, Texas.

Defendant NEW HAMPSHIRE INSURANCE is believed to be a Pennsylvania insurance business duly authorized to do business in the State of Texas and may be served by serving citation on its registered agent, Corporations Service Company, at 800 Brazos, Suite 750, Commodore 1, Austin, Texas 78701 by certified mail, return receipt requested.

Defendant AIG CLAIM SERVICES, INC. is a Delaware Corporation doing business in the State of Texas. Service of process may be effected by serving its

registered agent for service, United States Corp. Company, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

                                    III.

Plaintiff brings this lawsuit to recover damages arising out of an automobile collision which occurred on or about June 24, 1999. On this date the Plaintiff was operating a 1999 Blue, Ford F-150 Pickup truck owned by his employer, Laguna Madre Water and insured by Defendant NEW HAMPSHIRE INSURANCE. As Plaintiff yielded to approaching traffic prior to entering the Expressway, a 1983 Blue, Mercury Grand Marquis owned by Arnoldo C. Flores, Sr. and operated by Arnoldo Flores, Jr., who at the time of the incident was seventeen (17) years of age and an underinsured driver, struck Plaintiff's vehicle from behind causing Plaintiff to sustain injuries and damages.

                                    IV.

A claim was initiated within two years after the incident with NEW HAMPSHIRE INSURANCE. At the time of the incident in question and at all times relevant hereto, NEW HAMPSHIRE INSURANCE had issued a comprehensive insurance policy (MCA229-23-85) protecting Plaintiff from certain damages and hazards such as the automobile accident. NEW HAMPSHIRE INSURANCE retained the services of AIG CLAIM SERVICES, INC. to negotiate the underinsured claim arising out of subject accident. At all times relevant hereto, claims services, agents, employees and/or representatives of Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. had exclusive and direct control over Plaintiff's claim. At the time of the occurrence in question, Defendants' agents, servants, employees and/or representatives refused to honor the terms of said policy protecting the Plaintiff after

                                    2

having had a reasonable period of time to investigate the Plaintiff's damages. Defendants' agents, servants, employees and/or representatives had direct and exclusive control over the procedures along with all matters therein of the claim in question.

V.

Said accident and Plaintiff's resulting damages were proximately caused by various negligent acts and/or omissions on the part of the negligent underinsured motorist which are as follows:

1.  Failure to maintain a proper lookout;

2.  Failure to timely apply the brakes to the vehicle in order to avoid striking the Plaintiff's vehicle;

3.  Failure to keep his vehicle under the proper control;

4.  In operating his vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiffs herein, which constitutes common law negligence and negligence per se, as it violates V.T.C.A., Transportation Code § 545.401;

5.  In failing to obey to any stop sign, yield, right-of-way or traffic control device erected by public authority, when approaching an intersection of a different street or roadway, which constitutes common law negligence and negligence per se, as it violates V.T.C.A., Transportation Code § 544.010 and V.T.C.A., Transportation Code § 545.153;

6.  In operating his vehicle at a greater rate of speed than a person or ordinary prudence would have under the same or similar circumstances, which constitutes common law negligence and negligence per se, as it is in violation of V.T.C.A., Transportation Code § 545.351;

7.  In failing to turn the vehicle to the right or left to avoid striking the Plaintiffs' vehicle; and

8.  In operating a motor vehicle on a highway in the State of Texas without a driver's license, which constitutes common law negligence and negligence

3

per se, as it is in violation of V.T.C.A., Transportation Code § 521.021.

Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

## VI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff SANTIAGO OCHOA, III, was caused to suffer bodily injuries to his neck, back, and body in general. Plaintiff would show that as a proximate result the underinsured motorist's negligence, as stated hereinabove, Plaintiff suffered the following injuries and damages:

1. Physical pain and suffering in the past;

2. Physical pain and suffering which in reasonable medical probability he will suffer in the future;

3. Mental anguish in the past;

4. Mental anguish in the future;

5. Medical expenses in the past;

6. Medical expenses, which in reasonable medical probability, he will incur in the future;

7. Physical impairment in the past;

8. Physical impairment, which in reasonable medical probability, he will suffer in the future;

9. Lost wages; and

10. Loss of wage earning capacity.

4.

Each of the aforesaid injuries and damages was proximately caused by the negligence of the underinsured driver as stated hereinabove and said injuries and damages are within the jurisdictional limits of the Court

VII.

As a result of the negligent acts and/or omission of NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. Plaintiff has suffered severe mental anguish, nervousness, and anxiety. Plaintiff's injuries were proximately caused by the negligence and failure of the Defendants to use ordinary care by various acts and omissions, each of which singularly or in combination with others, proximately violated Article 21.21-2, Section b of the Texas Insurance Code.

1. Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverage at issue;

2. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under it policies;

3. Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

4. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonable clear;

5. Compelling policy holders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

6. Failure of any insurer to maintain a complete record of all of the complaints which it has received during his preceding three years or since the date of its last examination by the commissioner, whichever time is shorter. This record shall indicate the total number of complaints, his classification by line of insurance, the nature of each complaint, the disposition of these complaints and the time it took to process each complaint. For the purpose of this subsection, "complaint" means any written communication primarily expressing a grievance.

5

Plaintiff further contends the following:

1.   Failure to establish a company policy requiring a good faith investigation to ascertain the medical and compensatory needs of the claimant;

2.   That the Defendants herein, intentionally or recklessly failed to conduct a proper investigation of the claim in question; and

3.   Failure to timely pay any claim with the Plaintiff.

In addition, as a result of the Defendants' failure to pay the claim in a timely fashion, the Plaintiff is also entitled to recover the statutory penalty provided by the Texas Insurance Code (Art.21.55) as well as reasonable attorney's fees and costs of court, for which the Plaintiff sues.

Defendants intentionally failed to properly and timely evaluate in good faith the claim in question.

All conduct as herein above alleged of the Defendants constitute negligence, gross negligence, malice, Deceptive Trade Practice Act violations, unfair claim settlement practices, breach of duty of good faith and fair dealing and intentional infliction of emotional distress and is actionable at law and was the proximate cause of the injuries and damages suffered by Plaintiff. The injuries and damages are in an amount that is within the jurisdictional limits of the Court as well as exemplary damages for which Plaintiff sues.

Plaintiff would show that all of the foregoing acts of negligence, both of commission or omission, or both, separately and collectively constituted negligence which proximately caused the injuries and damages which Plaintiff sustained.

VIII.

## DECEPTIVE TRADE PRACTICES

Without waiving any aforementioned allegations, Plaintiff re-alleges all factual allegations as they are incorporated above.

The conduct of the Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. as alleged herein by failing to properly investigate Plaintiff's claim, handle Plaintiff's claims, negotiate and settle Plaintiff's claim in denying the coverage to which Plaintiff is justly and properly entitled and in engaging in the wrongful conduct hereinabove alleged constitutes a breach of the Texas Insurance Code 21.21, Section 16, and Texas Insurance Code, Article 21.21.-2, Section 2(d) all made actionable under Sections 17.50(a)(4) of the Deceptive Trade Practices Act and was the producing cause of the severe injuries and damages suffered by Plaintiff herein in excess of the minimum jurisdictional limits of this honorable Court.

Moreover, Plaintiff contends that all such conduct was undertaken knowingly for the purposes of denying or delaying the Plaintiff of any and all benefits to which he is justly entitled.

IX.

## UNFAIR CLAIM SETTLEMENT PRACTICES

Without waiving any aforementioned allegation, Plaintiff re-alleges all factual allegations as they are incorporated above.

The conduct of the Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. as alleged herein above constitute a breach of the Texas Administrative Code, Volume 28, Section 21.121, Subchapter C, §21.203, Unfair Claim

7

Settlement practices. Specifically, Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. violated the following unfair settlement practices:

In not attempting in good faith to effectuate prompt, fair, and equitable settlements of claim submitted in which liability becomes reasonably clear.

Moreover, Plaintiff contends that all such conduct by the Defendant NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. was the producing cause of the severe mental anguish and damages suffered by Plaintiff.

## X.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Without waiving any aforementioned allegation, Plaintiff re-alleges all factual allegations as they are incorporated above.

Defendants owed the highest duty and confidence, good faith and fair dealing to the Plaintiff in all activities concerning the insurance coverage by reason of the fiduciary relationship between NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. and Plaintiff.

All contacts, activities, and negotiations undertaken by Plaintiff and the Defendants were done with the utmost trust, faith and confidence.

The special relationship between these parties created by the contract executed between the Plaintiff and the Defendants, was designed to provide the Plaintiff with insurance protection for damages occurrence from their automobile, as the one made the basis of the claim. NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. breached their fiduciary duties and duties of good faith and fair dealing with the Plaintiff. All such conduct as incorporated above, is the proximate cause of the injuries

8

and damages Plaintiff suffered and is in an amount not to exceed the jurisdictional limits of this Court.

## XI.

### BREACH OF CONTRACT

Prior to the date of the accident mentioned above, Plaintiff's employer, Laguna Madre Water District had previously purchased a policy of insurance from Defendant NEW HAMPSHIRE INSURANCE which provided coverage for property damage and personal injury in the event Plaintiff was involved in an automobile collision with an uninsured/underinsured motorist and sustained personal injuries and/or property damage. Subsequent to the time of the accident in question, Plaintiff filed a claim for uninsured/underinsured motorist benefits with the Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC.

Under the written contract for insurance executed by Plaintiff, Defendant NEW HAMPSHIRE INSURANCE, promised Plaintiff, that, in effect, Plaintiff's employer, Laguna Madre Water District would pay insurance premiums, and that Defendant would pay benefits in the event Plaintiff filed a properly documented claim.

Plaintiff's employer, Laguna Madre Water District, at the time of the incident in question substantially complied with all terms of the policy; paid all required premiums under the policy; and became rightfully eligible for benefits while the policy was in effect. In addition, Defendant NEW HAMPSHIRE INSURANCE has never disputed, expressly or impliedly, that Plaintiff's employer Laguna Madre Water District had paid all required premiums or failed to meet any conditions precedent. Therefore, all conditions precedent to the formation of this contract and Defendants NEW HAMPSHIRE

9

INSURANCE and AIG CLAIM SERVICES, INC.'s contractual obligations to provide insurance coverage and pay full benefits have been performed by Plaintiff or have otherwise been satisfied.

Despite Plaintiff's performance, Defendant NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. are in violation of the obligations under the written contract for insurance, have wrongfully refused, and continually refuse, to pay the full benefits to Plaintiff owing under the policy of insurance.

Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC.'S conduct as described in this Petition, individually and jointly, or in the alternative, by their agents, servants, and employees of Defendants in the scope of their authority, and resulting damage to Plaintiff, has necessitated Plaintiff retaining the attorneys whose names are subscribed to this petition.  Plaintiff is, therefore, entitled to recover from Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. an additional sum to compensate Plaintiff for a reasonable and necessary fee for such attorney's services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

As a result of the Defendants' NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. breaches of their obligations under the written contract for insurance, Plaintiff has sustained, in addition to other damages listed in this Original Petition, the following damages in a sum not to exceed the jurisdictional limits of the court.

1.    An amount equal to the total sum of insurance benefits under the Uninsured/Underinsured portion of his insurance policy with prejudgment

10

interest, due under the policy from the date Plaintiffs first became eligible for benefits;

2.     Such other and further relief to which Plaintiff is entitled.

## XII.

## FRAUD

Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. tried to hide their knowledge of the accident and the seriousness of same as well as their knowledge of the extent of Plaintiff's damages and injuries. Further, Defendant NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. withheld information necessary to Plaintiff's claim and ensured that such information was made unavailable or accessible to Plaintiff. Therefore, Plaintiff will show that Defendants have engaged in fraud upon Plaintiff in that Defendants failed to disclose and hid their knowledge of the accident and the seriousness of same as well as their knowledge of the extent of Plaintiff's damages and injuries. Further, Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. withheld information necessary to Plaintiff's claim and ensured that such information was made unavailable or accessible to Plaintiff. By these actions and omissions, Defendants have allowed those actions to take place as a device to cause harm and prejudice to those persons having just and legal claims against Defendant NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC.

It would operate as a fraudulent device to allow Defendants to shelter their liability by purposely taking measures to prevent Plaintiff from receiving good faith and fair dealing

11

from Defendants regarding the incident in question and their claim under Defendant NEW HAMPSHIRE INSURANCE'S policy of insurance.

Defendants' NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. conduct as described in this Petition, individually and jointly, or in the alternative, by the agents, representatives, servants, and employees of Defendants in the scope of their authority, and the resulting damage to Plaintiff, have necessitated Plaintiff retaining the attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiff for a reasonable and necessary fee for such attorney's services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

XIII.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Without waiving any aforementioned allegation, Plaintiff re-alleges all factual allegations as they are incorporated above.

The extreme and outrageous conduct of Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. as described above, were the proximate cause of the emotional distress and trauma Plaintiff was forced to endure which is in an amount not to exceed the jurisdictional limits of this Court.

XIV.

## EXEMPLARY DAMAGES

Without waiving any aforementioned allegations, Plaintiff re-alleges all factual allegations as they are incorporated above.

12

All such conduct herein alleged constitutes an entire want of care which establishes that the conduct of Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. were the result of an entire want of care and reckless and actual conscious indifference to the rights, welfare, and safety of the persons affected.

Moreover, Defendants' conduct was undertaken with actual malice as defined by Chapter 41, Civil Practices and Remedies Code, Section 41.001(6)(a), for which Plaintiff is entitled to an award of exemplary damages as may be found by the trier of fact.

Such damages should be as a discretionary award of the jury following their determination of the facts as presented to them and as punishment to prevent similar conduct in the future.

Plaintiff further contends that each and/or all of the acts and conduct of the Defendants as alleged above, both of commission or omission, when considered individually or jointly under all surrounding circumstances clearly indicate a state of mind equal to an entire want of care and actual conscious and indifference to the rights, welfare, and safety of the persons affected.

## XV.

## ATTORNEY'S FEES

Without waiving any aforementioned allegation, Plaintiff re-alleges all factual allegations as they are incorporated above.

By reason of the wrongful conduct of Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. as herein alleged, Plaintiff has been required to retain the services of the undersigned attorneys to represent their interest and prosecute his

13

claims against Defendants.   For that reason, Plaintiff is entitled to a recovery of reasonable and necessary attorney's fees for which he prays.

XVI.

**STATUTORY NOTICE**

Without waiving any aforementioned allegations, Plaintiff re-alleges all factual allegations as they are incorporated above.

Plaintiff states that he did not provide a notice to the Defendant NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. at least 30 days prior to instituting this action as required by Section 17.505 Business and Commerce Code, Deceptive Trades Practices Act, but has made a demand for settlement to Defendant AIG CLAIM SERVICES, INC. as an agent and representative of Defendant NEW HAMPSHIRE INSURANCE.

XVII.

**STATUTORY PENALTY**

Without waiving any aforementioned allegation, Plaintiff re-alleges all factual allegations as they are incorporated above.

Pursuant to Section 21.55 of the Texas Insurance Code (Vernon's Ann.), Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. are liable for a 18% penalty for failure to pay timely the entire amount of benefits to which Plaintiff is entitled.

14

## XVIII.

## <u>RECOVERY</u>

Without waiving any aforementioned allegations, Plaintiff re-alleges all factual allegations as they are incorporated above.

Plaintiff re-alleges the factual allegations previously incorporated above as if set forth in its entirety.

## XIX.

Plaintiff believes and alleges that the damages proximately caused by Defendants' negligence have injured Plaintiff in an amount not to exceed the jurisdictional limits of this Court.

Plaintiff hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon final judgment, Plaintiff have and recover from Defendants actual damages in a sum not to exceed the jurisdictional limits of this Court, both Pre-judgment and Post-judgment interest allowed by law, plus costs of Court, that Defendants be ordered to pay the statutory penalty as provided by law as well as reasonable attorney's fees; and for such any and other further relief, both general and special, at law or in equity, to which the Plaintiff may show himself justly entitled.

Respectfully submitted,

LAW OFFICES OF SEAN F. O'NEILL
A Professional Corporation
888 Isom Road, Suite 100
San Antonio, Texas 78216
Telephone: (210) 344-4455
Facsimile: (210) 344-4902

By: _____

Sean F. O'Neill
State Bar No.: 15288150

Attorneys for Plaintiff

16

Citation for Personal Service  - GENERAL _____        Lit. Seq. # E.004.01

No. 2003-CCL-00562-A

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: AIG CLAIM SERVICES, INC.                    Delivered this 26 day of Jun 1
    BY SERVICE ITS REGISTERED AGENT:
    UNITED STATES CORP. COMPANY                  LUKE W. MERCER
    800 BRAZOS                                   CONSTABLE, PRECINCT 1, TRAVIS CTY., TEXAS
    AUSTIN, TEXAS 78701                          BY _____ /s
    the        DEFENDANT   , GREETING:           Deputy

You are commanded to appear by filing a written answer to the Plaintiff's
                    ORIGINAL PETITION
at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 1 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
        SEAN F. O'NEILL           (Attorney for Plaintiff or Plaintiffs),
whose address is 888 ISOM ROAD, SUITE 100 SAN ANTONIO, TEXAS    78216
on the  5th day of  JUNE  , A.D. 2003, in this case numbered 2003-CCL-00562-A
on the docket of said court, and styled,

                    SANTIAGO OCHOA, III
                            vs.
    NEW HAMPSHIRE INSURANCE AND AIG CLAIM SERVICES, IN

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's          ORIGINAL PETITION
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  6th day of  JUNE  , A.D. 2003.

                    JOE G. RIVERA       , County Clerk
                    Cameron County
                    974 E. Harrison St.
                    (P.O. Box 2178)
                    Brownsville, Texas 78522-2178

            By:  Mayra Medrano    , Deputy
                    MAYRA MEDRANO

R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, ____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, ____, by delivering to _____
in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____
_____.

Cause of failure to execute this citation is: _____.

FEES serving 1 copy                 _____
                            Sheriff/Constable _____ County, Texas
Total....... $_____
                            By _____, Deputy
Fees paid by: _____

CAUSE NO. 2003-CCL-562-A

FILED FOR RECORD
AT ___ O'CLOCK ___ M
JUL 1 1 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
___ Deputy

| | | |
|---|---|---|
| SANTIAGO OCHOA III | * | IN THE COUNTY COURT |
| | * | |
| VS. | * | AT LAW NUMBER 1, |
| | * | |
| NEW HAMPSHIRE INSURANCE and | * | |
| AIG CLAIM SERVICES, INC. | * | CAMERON COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC., Defendants in the above entitled and numbered cause, and file this its Original Answer and Jury Demand in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

### I.

### GENERAL DENIAL

Defendants New Hampshire Insurance and AIG Claim Services, Inc. herein avail themselves of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's currently pending Petition, and state that these are matters that should be proven by Plaintiff as required by law; and Defendants would require strict proof thereof.

### II.

### AFFIRMATIVE DEFENSES

2.01    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of his alleged injuries and damages as required by law.

2.02    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively deny that they are liable for exemplary damages and

plead affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

2.03    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

2.04    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)    Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)    Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)    Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)    Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)    Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

2.05   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the due process and excessive fines clauses of the United States and Texas Constitutions.

III.

JURY DEMAND

Defendants hereby request a trial by jury and tender the jury fee herewith.

WHEREFORE, Defendants New Hampshire Insurance and AIG Claim Services, Inc. pray that upon final trial and hearing hereof, they have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.


By:  _Norton A. Colvin_____
       Norton A. Colvin, Jr. w/ permission
State Bar No. 04632100                M.C. Batsell
       Marjory C. Batsell
State Bar No. 04631400
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
NEW HAMPSHIRE INSURANCE and AIG
CLAIM SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Original Answer and Jury Demand was served upon all counsel of record, to-wit:

> Sean F. O'Neill
> Law Offices of Sean F. O'Neill
> 888 Isom Road, Suite 100
> San Antonio, Texas 78216
> Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 11th day of July, 2003.

_____
Norton A. Colvin, Jr.

## CAUSE NO. 2003-CCL-562-A

| | | |
|---|---|---|
| SANTIAGO OCHOA III | * | IN THE COUNTY COURT |
| | * | |
| VS. | * | AT LAW NUMBER 1 |
| | * | |
| NEW HAMPSHIRE INSURANCE and | * | |
| AIG CLAIM SERVICES, INC. | * | CAMERON COUNTY, TEXAS |

### NOTICE TO THE COUNTY CLERK OF FILING
### OF NOTICE OF REMOVAL

TO:    HONORABLE JOE G. RIVERA
       County Clerk, Cameron County
       Cameron County Courthouse
       974 East Harrison

You will please take notice that Defendants NEW HAMPSHIRE INSURANCE and AIG CLAIM SERVICES, INC. have filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled: Santiago Ochoa III v. New Hampshire Insurance and AIG Claim Services, Inc., originally filed in the County Court at Law No. 1, Cameron County, Texas, Cause Number 2003-CCL-0562-A, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the County Court at Law No. 1 to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendants, through their attorney, on this the 23rd day of July, 2003.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.


By: _____
        Norton A. Colvin, Jr. *by permission*
        Attorney-in-Charge
        State Bar No. 04632100
        Federal Admissions No. 1941
            Marjory C. Batsell
        State Bar No. 04631400
        Federal Admissions No. 3983
        1201 East Van Buren
        Post Office Box 2155
        Brownsville, Texas 78522
        (956) 542-7441
        Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
NEW HAMPSHIRE INSURANCE AND AIG
CLAIM SERVICES, INC.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to County Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

        Sean F. O'Neill
        Law Offices of Sean F. O'Neill
        888 Isom Road, Suite 100
        San Antonio, Texas 78216
        Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 23rd day of July, 2003.

_____
        Norton A. Colvin, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SANTIAGO OCHOA III                    *
                                      *
VS.                                   *       CIVIL ACTION NO. **B-03-128**
                                      *
NEW HAMPSHIRE INSURANCE and           *
AIG CLAIM SERVICES, INC.              *

## <u>INDEX OF ATTORNEYS</u>

1.    Sean F. O'Neill
      State Bar No. 15288150
      Law Offices of Sean F. O'Neill
      888 Isom Road, Suite 100
      San Antonio, Texas 78216
      (210) 344-4455
      Fax (210) 344-4902
      ATTORNEYS FOR PLAINTIFF

2.    Norton A. Colvin, Jr.
      State Bar No. 04632100
      Federal Admissions No. 1941
      Marjory C. Batsell
      State Bar No. 04631400
      Federal Admissions No. 3986
      Rodriguez, Colvin & Chaney, L.L.P.
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      Fax (956) 541-2170
      ATTORNEYS FOR DEFENDANTS NEW HAMPSHIRE INSURANCE AND AIG
      CLAIM SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SANTIAGO OCHOA III                  *
                                    *
VS.                                 *        CIVIL ACTION NO. **B - 03 - 1 28**
                                    *
NEW HAMPSHIRE INSURANCE and         *
AIG CLAIM SERVICES, INC.            *

## INDEX OF DOCUMENTS FILED

1.    Civil Cover Sheet

2.    Notice of Removal with following attachments:

      a.    State Court's Docket Sheet
      b.    Plaintiff's Original Petition
      c.    Citation served on Defendants
      d.    Defendants' Original Answer and Jury Demand

3.    Notice to Plaintiff of Filing of Notice of Removal

4.    Notice to District Clerk of Filing of Notice of Removal

5.    Index of Attorneys

6.    Index of Documents Filed

7.    Order for Conference and Disclosure of Interested Parties